## Richmond.

### BOWMAN ET ALS. v. REINHART ET ALS.

#### December 1st, 1892.

HUSBAND AND WIFE— *Witnesses.*—Where husband and wife are both parties to a suit, in which the latter's interests are involved, he is not a competent witness for or against her.

Appeal from decree of circuit court of Culpeper county, rendered at June term, 1890, in a cause wherein Susan Reinhart and others were complainants, and Samuel Bowman and S. C. Bowers and wife were defendants. The decree being adverse to the defendants, they appealed. Opinion states the case.

*Hill & Jeffries,* for appellants.

*Rixey & Barbour,* for appellees.

FAUNTLEROY, J., delivered the opinion of the court.

S. C. Bowers became the purchaser of a tract of land from the commissioners of the circuit court of Culpeper county, in the chancery cause of *Finney* v. *Haskins,* and executed his bonds for the deferred payments of the purchase-money, with Samuel Bowman as surety; and to secure him any sums which, as such surety, he might be compelled to pay upon the said purchase-money bonds, executed a deed of trust upon the said land, which was duly recorded in the clerk's office of Culpeper county.

Subsequently to the execution and recording of the deed of trust aforesaid, Bowers became indebted to a number of persons, who obtained judgments against him, and then.brought this suit to subject his land to the lien of their judgments.

S. C. Bowers, the debtor, then appears, and alleges that Samuel Bowman, his wife's father, had paid a part of the purchase-money on the land bonds, and that, by virtue of the deed of trust securing him against loss as security on the purchase-money bonds, Bowman had a lien prior and superior to the judgments of the appellees. As evidence of the alleged payments by Bowman, Bowers produced the following receipt :

"Received, January 18th, 1880, of Sarah E. W. Bowers,. wife of S. C. Bowers, two hundred and fifty dollars on amount of the purchase-money due for land purchased by said S. C. Bowers in the suit of *Finney* v. *Haskins*, to be credited on the bonds of said Bowers, so much as may be necessary to go to the payment of the interest now due on all of said bonds, and the residue to go to the payment of the principal of the first bond—one hundred and seventeen dollars being the interest for one year on said bonds. This amount is to go to payment of said interest, and the residue, $133, to be credited to the principal of the first bond.

"G. D. GRAY, Commissioner."

And G. D. Gray, the commissioner, testifies : "It is my impression he (S. C. Bowers) told me it was his wife's money ; that she was paying for the land, and he wanted it secured to her. I would not have written the receipt so, except upon his statement and at his request. I don't think I ever saw Mrs. Bowers." Bowman, the father-in-law, no where asserts, or attempts to establish the claim which Bowers sets up in his name, and ostensibly for him ; and Bowman does not come into the case, and prove that he paid any money for Bowers ;.

but if Bowers can get in under the deed of trust to indemnify Bowman as surety, the judgment creditors, whose lien is prior to Mrs. Bowers' claim, will be cut out, to that extent.

The circuit court held that Bowers is incompetent, as a witness, to prove that his wife, who held a receipt for money paid by her, had not, in fact, paid it, and that it was the money of Bowman, his father-in-law.

The claim set up by Bowers, the debtor, ostensibly for the benefit of Bowman, who has never asserted or attempted to prove it, is absolutely without evidence to support it.   Both Bowers and his wife are parties to the suit, and he is not a competent witness to *prove* or to *disprove* his wife's claim to the money receipted for as her money, paid by her.   And even if Bowers were competent, Bowman did not pay the money as surety for Bowers, but as an advancement to his daughter; and the lien of the creditors is prior to the alleged payment.

The decree appealed from must be affirmed.

DECREE AFFIRMED.